FILED

2021 Mar-24 PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JOVONTAI QRDRIUS DICKERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 5:17-cv-01948-KOB-SGC |
| v. | ) | |
| | ) | |
| CHRISTOPHER GORDY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

The petitioner, Jovontai Qrdrius Dickerson, a person in custody under a judgment of a court of Alabama, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 20, 2017. (Doc. 1). Dickerson asserts seven claims challenging his 2015 murder conviction in the Circuit Court of Madison County, Alabama, pursuant to a guilty plea. (Doc. 1). The respondents have answered, and Dickerson has replied. (Docs. 5, 9). For the following reasons, Dickerson's claims are due to be dismissed as non-cognizable in this federal habeas proceeding or denied as procedurally defaulted or meritless.

### I.      Procedural History

In September 2015, Dickerson plead guilty to murder in Madison County Circuit Court and received a sentence of twenty-five years imprisonment. (Doc. 5-1 at 9-10). Dickerson's conviction stems from a series of events involving his twin

1

sister and co-defendant, Javonta Dickerson ("Javonta"). (Doc. 5-4 at 28–29). In sum, Javonta was duped by the murder victim in an online sex for hire scheme. (*Id.* at 28). When the victim failed to make the promised payment, Javonta recruited Dickerson to confront the victim. (*Id.* at 29). Dickerson and Javonta went to the victim's residence, where Dickerson shot the victim in the head. (*Id.*). Dickerson and Javonta then fled the scene. (*Id.*). Eleven days later, the victim died from the gunshot wound. (*Id.*).

Dickerson did not appeal his conviction directly. However, he did file a petition collaterally attacking his conviction pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure* on June 16, 2016. (Doc. 5-1 at 9-41). After the trial court denied the petition, Dickerson filed a motion to amend the petition, which the trial court denied as moot. (Doc. 5-4 at 35-36, 41, 59-60). Dickerson appealed, and the Alabama Court of Criminal Appeals remanded the case with instructions for the trial court to make specific findings of fact. (Doc. 5-9). The trial court did so and again denied Dickerson's Rule 32 petition. (Doc. 5-10 at 18-19). The Alabama Court of Criminal Appeals affirmed the trial court's denial of the Rule 32 petition and overruled Dickerson's application for rehearing. (Doc. 5-11; Doc. 5-14 at 21). The Alabama Supreme Court then summarily denied Dickerson's petition for discretionary review. (Doc. 5-15). This § 2254 petition followed. The respondents concede the petition is timely. (Doc. 5 at 4-5).

Dickerson asserts the following claims in his § 2254 petition:

1.    He claims he was not afforded an initial appearance at which he was informed of his constitutional rights within 72 hours of his arrest.

2.    He claims the prosecution withheld the results of his court-ordered competency evaluation.

3.    He claims the trial court erred by not conducting a competency hearing *sua sponte*.

4.    He claims his trial counsel rendered ineffective assistance by failing to investigate an insanity defense, failing to provide him with the victim's medical records, and providing him erroneous information regarding his parole eligibility.

5.    He claims that before accepting his guilty plea the trial court did not (1) ascertain whether he understood the nature of the charge and the material elements of the offense to which the plea was offered, (2) advise him of his right against self-incrimination, or (3) inform him of the constitutional rights he would relinquish by pleading guilty.

6.    He claims the trial court erred by denying his motion to amend his Rule 32 petition.

7.    He claims the trial court erred by denying his Rule 32 petition without conducting an evidentiary hearing.

(Doc. 1).

## II.    Standard of Review

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, authorizes a federal district court to entertain a petition for a writ of habeas corpus filed by a person in custody under a judgment of a state court "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States."  § 2254(a).  Entitlement to relief under § 2254 requires a

petition to show that a state court's adjudication of an issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" the United States Supreme Court or was "based on an unreasonable determination of the facts in light of the evidence presented" in state court. *Dunn v. Madison*, 138 S. Ct. 9, 11 (2017) (*quoting* § 2254(d)).

A decision is "contrary to" federal law if a state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the facts of a state court case are materially indistinguishable from those of a Supreme Court case but the state court arrives at a conclusion opposite that of the Supreme Court. *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). An "unreasonable application" of Supreme Court precedent occurs if a state court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the state court case. *White v. Woodall*, 134 S. Ct. 1697, 1705 (2014).

An "unreasonable determination of the facts in light of the evidence presented" is a "demanding standard," requiring a petitioner to show "the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Dunn*, 138 S. Ct. at 11 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). State court determinations of factual issues are presumed correct, and

a petitioner bears the burden of rebutting that presumption by "clear and convincing evidence." *Wood v. Allen*, 558 U.S. 290, 293 (2010) (*quoting* § 2254(e)(1)).

### III.   Discussion

### A.   Non-Cognizable Claims

The United States Supreme Court has frequently reiterated that federal habeas corpus relief cannot address errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1992) (internal quotation marks omitted).  A federal habeas court does not have authority to reexamine state-court determinations on state-law questions.  Instead, a federal court reviewing a habeas petition can only decide if a conviction "violated the Constitution, laws, or treaties of the United States."  *Id.*

More to the point as to Dickerson's claims that the trial court erred by denying him leave to amend his Rule 32 petition and denying the petition without conducting an evidentiary hearing, the Eleventh Circuit "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief"; and, even more specifically, it is beyond debate that a state court's failure to conduct an evidentiary hearing on a post-conviction motion does not constitute a cognizable claim for habeas relief."  *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (internal quotation marks omitted).  "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not

undermine the legality of the detention or imprisonment – *i.e.*, the conviction itself – and thus habeas relief is not an appropriate remedy." *Id.*

Accordingly, Dickerson's claims that the trial court erred by denying him leave to amend his Rule 32 petition and denying the petition without conducting an evidentiary hearing must be dismissed as non-cognizable in this federal habeas proceeding.

**B.     Fourth Amendment Claim**

Dickerson's claim that he was not afforded an initial appearance at which he was informed of his constitutional rights within 72 hours of his arrest implicates the Fourth Amendment of the United States Constitution. *See, e.g., Gerstein v. Pugh*, 420 U.S. 103, 125-26 (1975) (holding Fourth Amendment requires prompt judicial determination of probable cause as prerequisite to extended detention following warrantless arrest); *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (holding "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*").[1]

If a state provides "an opportunity for full and fair litigation" of a Fourth Amendment claim, federal habeas review of the claim is not available to a petitioner. *Stone v. Powell*, 428 U.S. 465, 494 (1976) (addressing unconstitutional search-or-

---

[1] The court notes the record before it does not make clear the circumstances of Dickerson's arrest.

seizure claim).  The Eleventh Circuit has interpreted the phrase "an opportunity" to " 'mean[] just that: an opportunity.'"  *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008) (quoting *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)).  Thus, " '[i]f a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim, *Stone* [] bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.'" *Lawhorn*, 519 F.3d at 1287 (quoting *Caver*, 577 F.2d at 1192).

The court finds no reason to believe Dickerson could not have raised his initial appearance claim in the state court proceedings, and Dickerson does not contend otherwise.  Consequently, federal habeas review of this claim is not available to Dickerson.[2]

## C.   Procedurally Defaulted Claims

Dickerson's claims that (1) the prosecution withheld the results of his court-ordered competency evaluation, (2) his trial counsel rendered ineffective assistance by failing to provide him with the victim's medical records, and (3) the trial court's

---

[2] The court notes that even if Dickerson's initial appearance claim was not barred by *Stone*, the claim would be procedurally defaulted because Dickerson did not raise the claim in his Rule 32 proceedings, either before the trial court, Alabama Court of Criminal Appeals, or Alabama Supreme Court, and the time for him to do so has long since passed.  *See O'Sullivan*, 526 U.S. 838, 845 (1999) (discussed infra); *Williams*, 2016 WL 3007140, at *2 (M.D. Ala. March 30,2016) (discussed *infra*); ALA. R. APP. P. 4(a)(1) (discussed *infra*); ALA. R. CRIM. P. 32.2(c)(2) (discussed *infra*).

multiple errors before accepting his guilty plea invoke federal constitutional rights and so are cognizable in this federal habeas corpus proceeding.

The first claim implicates the Due Process Clause of the Fourteenth Amendment and the United States Supreme Court's decision in *Brady v. Maryland*, 373 US. 83 (1963).  *See Brady*, 373 U.S. at 87 (holding "the suppression by the prosecution of evidence favorable to an accused upon request violates [Fourteenth Amendment] due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").  The second claim implicates the Sixth Amendment and the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Strickland*, 466 U.S. at 686-87, 694 (noting "the right to counsel [guaranteed by the Sixth Amendment] is the right to the effective assistance of counsel" and establishing standard for demonstrating ineffective assistance of counsel).  Finally, the third claim implicates the Due Process Clause of the Fourteenth Amendment and the Supreme Court's decision in *Boykin v. Alabama*, 395 U.S. 238 (1969).  *See Gaddy v. Linahan*, 780 F.2d 935, 943-45 (11th Cir. 1986) (noting plea may be involuntary and, thus, run afoul of the Fourteenth Amendment's Due Process Clause if the accused does not understand the nature of the constitutional protections he is waiving or nature of the charge against him and its elements); *Boykin*, 395 U.S. at 242-43 (holding that for guilty plea to be voluntary, defendant must make a knowing and intelligent waiver of his federal

constitutional rights to a jury trial, to confront adverse witnesses, and against self-incrimination).[3]  But, each of these claims is procedurally defaulted.

If a state habeas corpus petitioner fails to properly raise his federal claim in state court, he is "procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."  *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).  A petitioner can fail in two ways to raise a federal claim properly in state court such that the claim is procedurally defaulted in federal court.  *Id.*  First, "[a] state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001); *see also Bailey*, 172 F.3d at 1302 (noting the federal court must respect the state court's decision).  Second, "if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred [in state court] due to a state-law procedural default," the federal court may find that claim procedurally barred. *Bailey*, 172 F.3d at 1303.

With respect to the first type of procedural default, "a state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal

---

[3] Dickerson asserts the alleged errors committed by the trial court before accepting his guilty plea also violated Rule 14.4 of the *Alabama Rules of Criminal Procedure*.  This rule of state criminal procedure does not provide a basis for federal habeas relief.

review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd*, 250 F.3d at 1313 (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989)).   In the Eleventh Circuit, a three-part test determines whether a state court's procedural ruling rests upon an independent and adequate state ground:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim.  Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law.  Finally, the state procedural rule must be adequate; *i.e.,* it must not be applied in an arbitrary or unprecedented fashion.  The state court's procedural rule cannot be manifestly unfair in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

*Judd*, 250 F.3d at 1313 (citing *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)) (internal citations and quotation marks omitted).

Dickerson's claim that the prosecution withheld the results of his court-ordered competency evaluation implicates both types of procedural default.  The Alabama Court of Criminal Appeals held the claim was procedurally barred because the Rule 32 petition presented to the trial court did not include it (i.e., Dickerson raised the claim for the first time on appeal from the trial court's denial of the Rule 32 petition).  (Doc. 5-11 at 2 n.1).  The state appellate court clearly and expressly stated this claim was procedurally barred; this determination was not intertwined with an interpretation of federal law (i.e., the determination was independent of

federal considerations); and the procedural rule on which the appellate court relied is regularly applied in a manner that is not manifestly unfair to state prisoners' federal constitutional claims (i.e., the rule is adequate). *See, e.g., Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) (holding appellant could not present federal constitutional claim on appeal from the denial of his Rule 32 petition that was not raised in the Rule 32 petition); *McBurnett v. State*, 266 So. 3d 122, 126 (2018) (same); *McClain v. Jones*, 2016 WL 1618311, at *6 (M.D. Ala. Mar. 23, 2016) (collecting cases to support description of Alabama's procedural rule barring appellate review of Rule 32 claims not first presented to the trial court as "firmly established and regularly followed"), *report and recommendation adopted*, 2016 WL 1589899 (M.D. Ala. Apr. 20, 2016).

Also, Dickerson did not present his claim that the prosecution withheld the results of his court-ordered competency evaluation to the Alabama Supreme Court, and the time for him to do so has long since passed. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding exhaustion doctrine requires state prisoner to give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Williams v. Billups*, 2016 WL 3007140, at *2 (M.D. Ala. Mar. 30, 2016) ("In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and

a petition for discretionary review – a petition for a writ of certiorari – filed in the Alabama Supreme Court.") (citing *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001)); ALA. R. APP. P. 39(c)(2) (providing that petition for review must be filed with Alabama Supreme Court within 14 days of decision of Alabama Court of Criminal Appeals on application for rehearing).

Similarly, Dickerson's claim that his trial counsel rendered ineffective assistance by failing to provide him with the victim's medical records implicates the second type of procedural default. Although Dickerson referenced his trial counsel's alleged failure to provide him with the victim's medical records in his brief on appeal from the denial of his Rule 32 petition (Doc. 5-6 at 36) and claimed in his petition for discretionary review before the Alabama Supreme Court that the *prosecution* failed to provide him with the victim's medical records (Doc. 5-14 at 3-4), he did not present his claim that his trial counsel rendered ineffective assistance by failing to provide him with the victim's medical records to the Alabama Supreme Court. The time for him to do so has long since passed. *See O'Sullivan*, 526 U.S. at 845 (discussed *supra*); *Williams*, 2016 WL 3007140, at *2 (discussed supra); ALA. R. APP. P. 39(c)(2) (discussed *supra*).

Dickerson's claim regarding the errors committed by the trial court before accepting his guilty plea also implicates the second type of procedural default. To reiterate, Dickerson alleges the trial court erred before accepting his guilty plea by

failing to: (1) ascertain if he understood the nature of the charge and the material elements of the offense to which the plea was offered, (2) advise him of his right against self-incrimination, or (3) inform him of the constitutional rights he would relinquish by pleading guilty.

Dickerson referenced in his Rule 32 petition the trial court's failure to advise him of the nature of the charge and the material elements of the offense to which he pleaded guilty and to inform him of the constitutional rights he would relinquish by pleading guilty. (Doc. 5-1 at 24, 27-29). However, Dickerson did not present either sub-claim to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, and the time for him to do so has long since passed. *See O'Sullivan*, 526 U.S. at 845 (discussed *supra*); *Williams*, 2016 WL 3007140, at *2 (discussed *supra*); ALA. R. APP. P. 4 (providing that in a criminal case a notice of appeal must be filed with the clerk of the trial court within 42 days after order from which appeal is taken).

Dickerson did not raise the second sub-claim—that the trial court did not advise him regarding his right against self-incrimination—in his Rule 32 proceedings, either before the trial court, Alabama Court of Criminal Appeals, or Alabama Supreme Court, and the time for him to do so has long since passed. *See O'Sullivan*, 526 U.S. at 845 (discussed *supra*); *Williams*, 2016 WL 3007140, at *2 (discussed *supra*); ALA. R. APP. P. 4(a)(1) (notice of appeal must be filed within 42

13

days of date of entry of judgment); ALA. R. CRIM. P. 32.2(c)(2) (Rule 32 petition must be filed within one year after time for filing direct appeal lapses).

For the foregoing reasons, Dickerson's claims that (1) the prosecution withheld the results of his court-ordered competency evaluation, (2) his trial counsel rendered ineffective assistance by failing to provide him with the victim's medical records, and (3) the trial court committed multiple errors before accepting his guilty plea are procedurally defaulted.  Moreover, Dickerson has made no showing of cause or prejudice as is required to overcome these procedural defaults.  Additionally, while a petitioner may also overcome a procedural default by showing a "fundamental miscarriage of justice," meaning "a constitutional violation has probably resulted in the conviction of one who is actually innocent.," *Schlup v. Delo*, 513 U.S. 298, 314-15, 321, 326-27 (1995) (internal quotation marks omitted), Dickerson also has failed to make this showing.[4]

## D.    Meritless Claims

### 1.    Trial Court's Failure to Conduct Competency Hearing

The Due Process Clause of the Fourteenth Amendment requires a trial court on its own initiative to hold a hearing on a defendant's competency to stand trial (or

---

[4] The court notes that even if Dickerson's initial appearance claim was not barred by *Stone*, the claim would be procedurally defaulted because Dickerson did not raise the claim in his Rule 32 proceedings, either before the trial court, Alabama Court of Criminal Appeals, or Alabama Supreme Court, and the time for him to do so has long since passed.  *See O'Sullivan*, 526 U.S. at 845 (discussed *supra*); *Williams*, 2016 WL 3007140, at *2 (discussed *supra*); ALA. R. APP. P. 4(a)(1) (discussed *supra*); ALA. R. CRIM. P. 32.2(c)(2) (discussed *supra*).

plead guilty, as the case may be) if "the objective facts known to the trial court at the time create a bona fide doubt as to [the defendant's] [] competency." *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1256 (11th Cir. 2002) (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975); *Pate v. Robinson*, 383 U.S. 375, 385 (1966)).  Three factors are relevant to determining whether a trial court has violated this requirement: (1) whether the defendant evidenced irrational behavior before the trial court, (2) whether the defendant's demeanor indicated a lack of competence, and (3) whether the trial court was aware of any prior medical opinion regarding the defendant's competence. *Fallada v. Dugger*, 819 F.2d 1564, 1568 (11th Cir. 1987) (citing *Drope*, 420 U.S. at 172)).

The Alabama Court of Criminal Appeals was the last state court to issue a reasoned decision addressing this claim.  (Doc. 5-11 & 5-14); s*ee Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1316-17 (11th Cir. 2006) (noting that when last state court rendering judgment affirms without explanation, federal habeas court presumes decision rests on reasons given in last-reasoned decision) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991)).  The state appellate court held the trial court was not required to have conducted a competency hearing because, while a competency evaluation performed by Dr. Carol Walker suggested Dickerson's competency may have been lacking at the time of the offense, nothing in the record showed Dickerson's competency at the time of his plea was or should have been in

15

question.  (Doc. 5-2 at 22-41; Doc. 5-3 at 1; Doc. 5-11 at 3-4).  This holding was not contrary to, or an unreasonable application of, established Supreme Court precedent; nor did it involve an unreasonable determination of the facts in light of the evidence. Citing *Drope*, the state appellate court reasoned that before Dickerson's plea hearing, the trial judge reviewed Dr. Walker's competency evaluation, in which Dr. Walker concluded that at the time of the evaluation Dickerson had the ability to understand the legal proceedings against him and assist his attorney in his defense, and the trail judge made her own legal determination Dickerson was competent to plead guilty.  (*Id.*).[5]  It further reasoned the trial judge personally observed Dickerson's demeanor during the plea proceeding.  (*Id.* at 4).  The trial court judge herself noted that during the plea proceeding she did not observe Dickerson to have difficulty understanding the proceeding or be "anything less than alert and fully engaged" in the proceeding.  (Doc. 5-10 at 18-19).

Because the state criminal appellate court correctly identified the governing federal law and reasonably applied that law to the facts, the presumptive correctness of which Dickerson has failed to rebut, Dickerson's claim that the trial court erred by not conducting a competency hearing must be denied as meritless.  *See Wright*, 278 F.3d at 1256-57 (holding state criminal appellate court did not err in rejecting

---

[5] While the record before this court does not include that legal determination, Dickerson has not come forward with any evidence—let alone clear and convincing evidence—that would rebut the presumption this factual determination by the state appellate court is correct.

petitioner's claim trial court should have conducted competency hearing *sua sponte*, where trial court knew petitioner had been legally incompetent in the past, including possibly at the time of the offense, but evidence before the trial court supported conclusion petitioner was competent during the period immediately leading up to trial); *Turner v. Sec'y Dep't of Corr.*, 2020 WL 5076719, at *6-7 (M.D. Fla. Aug. 27, 2020) (holding state appellate court did not err in rejecting petitioner's claim trial court should have conducted competency hearing *sua sponte*, where petitioner displayed rational understanding of proceedings, with no indication petitioner behaved bizarrely during proceedings, and competency evaluation found petitioner competent to stand trial).

### 2.    Ineffective Assistance of Trial Counsel

Courts judge ineffective assistance of counsel claims under the standard set forth in *Strickland*.  That case requires a petitioner to show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense."  466 U.S. at 687.  The first prong requires a petitioner to show counsel's errors were so serious that counsel did not function as the counsel guaranteed by the Sixth Amendment; that is, the petitioner must show defense counsel erred "so serious[ly] as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.  The second prong requires a petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

17

different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. Review of counsel's performance is highly deferential and must not be made with the benefit of hindsight. *See Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) ("The widespread use of the tactic of attacking trial counsel by showing what 'might have been' proves that nothing is clearer than hindsight – except perhaps the rule that we will not judge trial counsel's performance through hindsight.").

When a state court rules on the merits of an ineffective assistance of counsel claim, federal habeas review is "doubly deferential." *Burt v. Titlow*, 571 U.S. 12, 15 (2013). A district court "take[s] a highly deferential look at counsel's performance through the deferential lens of § 2254(d)," *Cullen v. Pinholster*, 563 U.S. 170, 179 (2011) (internal quotation marks and citations omitted), "giv[ing] both the state court and [counsel] the benefit of the doubt," *Burt*, 571 at 15. "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect, but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). A petitioner must do more than "convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly." *Bell v. Cone*, 535

18

U.S. 685, 699 (2002).  A petitioner must show that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner."  *Id.*

The Alabama Court of Criminal Appeals was the last state court to issue a reasoned decision addressing Dickerson's claims his trial counsel rendered ineffective assistance by failing to investigate an insanity defense and providing him erroneous information regarding his parole eligibility.  (Doc. 5-11); s*ee Sweet*, 467 F.3d at 1316-17 (discussed *supra*).  It held both ineffective assistance claims lacked merit (doc. 5-11), and these holdings were not contrary to, or an unreasonable application of, established Supreme Court precedent; nor did they involve an unreasonable determination of the facts in light of the evidence.

Regarding the first ineffective assistance claim, the state criminal appellate court concluded Dickerson could not satisfy *Strickland's* performance prong because his trial counsel obtained funds for a competency evaluation.  The court also found that trial counsel attested that he discussed with Dickerson not only the findings of the competency evaluation—which had the potential to negate Dickerson's intent to commit murder to the extent Dr. Walker determined Dickerson may have lacked competency at the time of the offense—but also anticipated witness testimony—which tended to indicate Dickerson did possess the requisite intent to commit murder.  (Doc. 5-4 at 16; Doc. 5-11 at 6).  It further concluded Dickerson could not satisfy *Strickland's* prejudice prong because the evidence showed he

pleaded guilty to secure a reduced charge for his twin sister.  (Doc. 5-4 at 16-17; Doc. 5-11 at 6).

With respect to the second ineffective assistance claim, the state appellate court concluded Dickerson could not satisfy *Strickland's* performance prong because his trial counsel attested he told Dickerson he would likely be eligible for parole sometime around the 18-to-20-year mark and possibly as soon as the 15-year mark, but that he could not give him a parole date or even guarantee his parole eligibility date.  (Doc. 5-4 at 17; Doc. 5-11 at 7-8).  It noted the trial court had determined Dickerson was "fully aware" of the punishment he was facing, generally. (Doc. 5-10 at 18; Doc. 5-11 at 7).

Because the Alabama Court of Criminal Appeals correctly identified the governing federal law and reasonably applied that law to the facts, the presumptive correctness of which Dickerson has failed to rebut, Dickerson's claims that his trial counsel rendered ineffective assistance by failing to investigate an insanity defense and providing him erroneous information regarding his parole eligibility must be denied as meritless

## IV.   Conclusion

For the foregoing reasons, the court must dismiss Dickerson's claims as non-cognizable in this federal habeas proceeding or denied as procedurally defaulted or as meritless.  Furthermore, in accordance with Rule 11 of the *Rules Governing 2254*

*Proceedings,* a certificate of appealability should be denied.   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted).   Based on the foregoing discussion, the court is of the opinion Dickerson has failed to make the requisite showing.

The court will enter a separate Final Order.

DONE and ORDERED this 24th day of March, 2021.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE